IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THOMAS O. HUGHES                                                                PLAINTIFF

v.                                        CIVIL NO. 15-2234

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Thomas Hughes, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on November 7, 2012. (ECF No. 14, p. 14). In his applications, Plaintiff alleges disability due to emphysema, chronic obstructive pulmonary disease ("COPD"), colostomy problems, heart problems, and high blood pressure. (ECF No. 14, p. 200). Plaintiff alleges an onset date of January 1, 2010. (ECF

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

No. 14, pp. 14, 195). These applications were denied initially and again upon reconsideration. (ECF No. 14, pp. 14, 48-97).

Thereafter, Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (ECF No. 14, p. 113). Plaintiff's administrative hearing was held on February 12, 2014, in Fort Smith, Arkansas (ECF No. 14, pp. 26-46). Plaintiff was present and was represented by Matthew Ketcham. Id. Plaintiff and Vocational Expert ("VE") Deborah Steele testified at this hearing. Id. At the time of this hearing, Plaintiff was fifty-six (56) years old, which is defined as a "person of advanced age" under 20 C.F.R. §§ 404.1563(e), 416.963(e). (ECF No. 14, p. 26, 195). As for his level of education, Plaintiff has earned a GED. (ECF No. 14, p. 201).

After this hearing, on April 17, 2014, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 14, pp. 11-21). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2010. (ECF No. 14, p. 16, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2010, his alleged onset date. (ECF No. 14, p. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic obstructive pulmonary disease ("COPD") and status post repair of abdominal wound with colostomy placement. (ECF No. 14, pp. 17, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 14, p. 17, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 14, pp. 17-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff retained the RFC to perform "medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except he must avoid even moderate exposure to fumes, odors, dusts, gases, poor ventilation and similar environments." Id.

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (ECF No. 14, p. 19, Finding 6). The VE testified at the administrative hearing regarding these issues. (ECF No. 14, pp. 42-44). Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a door greeter, store laborer, and a bundle clerk. (ECF No. 14, pp. 19-20, Finding 10). Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2010, through April 17, 2014, the date of the ALJ's decision. (ECF No. 14, p. 20, Finding 11).

Thereafter, on May 7, 2014, Plaintiff requested a review by the Appeals Council (ECF. No. 14, p. 9). The Appeals Council denied this request on August 25, 2015. (ECF No. 14, pp. 5-8). On October 30, 2015, Plaintiff filed the present appeal with this Court. (ECF No. 1). The parties consented to the jurisdiction of this Court on November 2, 2015. (ECF No. 5). This case is now ready for decision.

**II.     Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial

evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

4

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III. Discussion:

Plaintiff argues two issues on appeal: 1) the ALJ erred as it relates to his assessment of credibility; and 2) the ALJ failed to develop the record as to Plaintiff's RFC. (ECF No. 12).

#### A. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 946, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The ALJ

5

discussed Plaintiff's extensive activities of daily living, the objective medical evidence, and Plaintiff's refusal to quit smoking despite his COPD. (ECF No. 14, pp. 18-19). The ALJ also noted that Plaintiff testified that he continued to work part-time as a mechanic and mowed lawns during the summers. (ECF No. 14, pp. 18-19, 29-32). Further, the ALJ pointed out Plaintiff's inconsistent statements with regard to his own abilities. (ECF No. 14, p. 19). At the administrative hearing, Plaintiff stated he had only been able to lift approximately ten pounds since early 2010, but Plaintiff reported on his Function Report on January 1, 2013, that he was able to lift approximately forty pounds.  (ECF No. 14, pp. 36, 222). Based on review of the record as a whole, this Court finds substantial evidence supports the ALJ's credibility assessment and because the ALJ provided good reasons for discounting Plaintiff's subjective complaints, this Court defers to the ALJ's credibility determination. see Leckenby v. Astrue, 487 F.3d 626, 632 (8th Cir. 2007) (this Court defers to the ALJ's credibility determination when it is supported by good reasons and substantial evidence).

### C.     ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545, 416.945. It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence

that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff specifically contends that the ALJ's RFC determination should have included postural limitations due to Plaintiff having to manage the maintenance of his colostomy bag. (ECF No. 12). Plaintiff managed the maintenance of his colostomy bag for at least five to six years before his alleged onset date. (ECF No. 14, p. 611, 1139) (He states his stoma is approximately 5 years old). Plaintiff does not direct this Court to, nor does the record contain, any objective medical evidence Plaintiff's postural activities such as bending, kneeling, crouching, or stooping were limited. See Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003) (RFC is a medical question which must be supported by medical evidence). The only evidence offered by Plaintiff or contained in the record regarding Plaintiff's alleged postural limitations due to the maintenance of his colostomy bag is Plaintiff's own subjective testimony, which the ALJ determined was less than fully credible. (ECF No. 14, p. 18-19, 40-41). Furthermore, on his January 1, 2013, Function Report, Plaintiff attributed his alleged difficulty bending, kneeling, and squatting to alleged back pain and knee pain, and not to maintenance of his colostomy bag. (ECF No. 14, p. 222). Plaintiff's contention that the maintenance of his colostomy bag results in any more limitation than that contemplated by the ALJ's RFC determination, lacks objective medical support in the record.

The ALJ's RFC determination accounts for all of Plaintiff's medically determinable impairments. The ALJ fully summarized all of Plaintiff's medical records and separately discussed each of Plaintiff's alleged impairments. The Court notes that in determining Plaintiff's RFC, the ALJ considered the medical opinions in the record, including those of the

7

non-examining state agency consultants, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). Based on review of the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

### D. Hypothetical Questions to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments that the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing the duties of a door greeter, store laborer, or bundle clerk. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 1st day of March, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE